FRANK W. COLWELL, as Receiver, etc., Respondent, *v.* THE GARFIELD NATIONAL BANK, Appellant.

A court of original jurisdiction has not power, before judgment in an action in which a receiver *pendente lite* had been appointed on the application of the plaintiff, to make an order continuing the receivership, after judgment shall have been rendered, during the pendency of any appeal which may be taken therefrom.

In cases where the provisions of the Code of Civil Procedure, in reference to the appointment of receivers (§ 713) are applicable, and they furnish

an adequate remedy, the power of the court is .limited by that section, and it must proceed in the manner therein provided, otherwise its orders will be void.

*It seems* the court may appoint a receiver after judgment, and pending an appeal, although the judgment denies relief to the plaintiff; but the Code contemplates that such application will be made upon the whole case, including the adverse judgment, and does not permit the order to be made in anticipation of the judgment.

Accordingly *held*, where after trial and a decision adverse to plaintiff in an action in which a receiver *pendente lite* had been appointed, but before judgment, an order was granted continuing the receivership until after the decision of any appeal from the judgment, that the receiver had no authority after the entry of judgment to bring an action to recover a claim, a part of the assets in his hands as receiver; and where the facts appeared in the complaint in such an action, that it was a good ground for a demurrer.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made January 7, 1889, which affirmed a judgment in favor of plaintiff entered upon an order overruling a demurrer to the complaint.

The nature of the action and the material facts are stated in the opinion.

*Louis O. Van Doren* for appellant. The power of the court to appoint a receiver has been defined by the legislature, and there remains no power in the Supreme Court by which an unlimited discretion can be exercised. (Code Civ. Pro. § 713; 13 Abb. Pr. 6; 66 N. Y. 127; *People ex rel.* v. *Bowe*, 81 id. 43; *Dusenbury* v. *Keiley*, 85 id. 388.) The court below erred in appointing plaintiff receiver. (*Ferguson* v. *Crawford*, 70 N. Y. 254.)

*William B. Ellison* for respondent. The moneys in defendant's hands to the credit of the estate of Joseph Colwell, deceased, or the executors or trustees of or under his last will and testament, were not applicable to the payment of the defendant's claim against Hepworth or Hepworth & Co.

(*Stewart* v. *Robinson*, 21 Abb. [N. C.] 63.) The entry of judgment in the suit of *Stewart* v. *Robinson*, even had no order been entered expressly continuing the receivership, would not, *ipso facto*, determine the plaintiff's powers as receiver. (Beach on Receivers, § 799; *Cook* v. *Findlay*, 60 How. Pr. 375; *Whiteside* v. *Prendergast.* 2 Barb. Ch. 472; *Ireland* v. *Nichols*, 9 Abb. Pr. [N. S.] 71; *K. N. L., etc., Co.* v. *David-son*, 13 Mo. App. 561; *Beverly* v. *Brooke*, 4 Gratt. 220.) The court did not err in continuing the receivership after judgment. (Beach on Receivers, § 799; *Whiteside* v. *Prender-gast*, 2 Barb. Ch. 472; *Ireland* v. *Nichols*, 9 Abb. Pr. [N. S.] 73.) The Code of Civil Procedure authorizes the appointment of a receiver pending appeal. (Code Civ. Pro. § 713, subd. 3.) The validity of the orders appointing or continuing the receivership cannot be attacked in this action. (*Atty.-Gen.* v. *G. M. L. Ins. Co.*, 77 N. Y. 275; *Smith* v. *Danzig*, 64 How. Pr. 329; Beach on Receivers, § 701; *Edrington* v. *Pridham*, 65 Tex. 612; *M. T. Co.* v. *P., etc., R. R. Co.*, 29 Fed. Rep. 732; *Rinn* v. *A. F. Ins. Co.*, 59 N. Y. 143.) The order continuing the receivership continued him in all the power and authority given the receiver by the order appointing him. (*Rockwell* v. *Farrell*, 45 N. Y. 166.)

ANDREWS, J. The demurrer raises the question as to the power of the court of original jurisdiction, before judgment in an action in which a receiver *pendente lite* has been appointed on the application of the plaintiffs, to make an order continuing the receivership after judgment shall have been rendered, during the pendency of any appeal which may be taken therefrom to the Supreme Court or to this court.

The complaint shows that an action was commenced by James and George Stewart, claiming to be creditors of the firm of Hepworth & Co., of which one Colwell was a member, against Hepworth, the surviving partner, and the executors of Colwell, to sequestrate the estate of Colwell and charge it with a debt contracted after the death of Colwell by Hep-

worth in the name of Hepworth & Co., in favor of the
Stewarts, on the ground that by the partnership agreement
the partnership business was to be continued after the death
of either partner, for the joint benefit of the surviving part-
ner and the estate of the deceased partner, and that the
estate of Colwell was liable for the debt of the Stewarts.
The case was decided in this court adversely to the Stewarts
in 115 N. Y. 328. The complaint in the present action
further shows that after the trial of the action of the Stewarts,
but before any decision was made or rendered, a receiver
*pendente lite* was appointed therein by the judge before
whom the trial was pending, on the application of the plain-
tiffs therein and with the assent of two of the then executors
of Colwell, the third executor opposing the appointment.
The order purported to vest in the receiver all the property
and estate, real and personal, of Colwell in the possession of,
or under the control of his executors and trustees under his
will, with power to collect all debts and demands due or to
become due to the estate of Colwell, to retain and pay counsel,
and generally investing the receiver with full power to take
possession of and manage the estate, subject to the order of
the court. This original order, dated February 4, 1888, was
followed by another order dated February 25, 1888, made by
the same judge, but *ex parte*, so far as appears, continuing
the receivership under the order of February 4, 1888, "with
all the powers and duties" thereby imposed and conferred,
for thirty days after the entry of judgment in the action, and
if an appeal shall be taken, until thirty days after the decision
of the appeal by the General Term, and in like manner until
after the decision of any appeal which might be taken to this
court, and thereafter "until an entry of an order of this
(Supreme) court, discharging said receiver." The order of
February 25, 1888, was also made before judgment. It recites
the prior order, and also that "this action having been tried
and decision rendered, but no judgment entered, and the par-
ties proposing to appeal from the judgment when entered,
etc." The decision, and the judgment subsequently entered

thereon, was adverse to the plaintiffs in the action, by whom the orders appointing and continuing the receiver were procured. This action was commenced by the receiver, after judgment against the Stewarts in the action in which he was appointed had been affirmed at the General Term, to recover a debt owing by the defendant to the estate of Colwell.

We are of opinion that the court had no power prior to judgment, to make the order of February 25, 1888, continuing the receivership pending appeals from a judgment which might thereafter be rendered in the action. The original action was at least very unusual. The plaintiff therein sought to take the settlement of the estate of Colwell out of the hands of his executors, and oust the surrogate of the jurisdiction confided to him in the settlement and distribution of the decedent's estate. No grounds are set forth in the complaint in the present action for the exercise in the particular case of this extraordinary jurisdiction. But assuming that a case could have been made,.and that the original order of February 4, 1888, was not void for want of jurisdiction, we are nevertheless of the opinion that the court had no power by another order made before judgment, to continue the receivership after judgment and pending appeals therefrom. The power of the court to appoint receivers is prescribed by section 713 of the Code of Civil Procedure. The first subdivision of that section provides for the only case where a receiver can be appointed before judgment, and that is the usual receiver *pendente lite*, whose active functions terminate with a judgment adverse to the party who procures his appointment, although his character as receiver may continue for the purpose of rendering his account, until he is by order discharged from his trust. ( *Whiteside* v. *Prendegast*, 2 Barb. Ch. 471.) But we find no authority to support the proposition that a receiver *pendente lite*, may, after judgment against the party at whose instance he was appointed, commence an action in behalf of the estate which he represents. The second subdivision of section 713, authorizes the appointment of a receiver by or after final judgment, to carry the

judgment into effect. This has no application to the present case. The third subdivision authorizes the appointment of a receiver "after judgment, to preserve the property during the pendency of an appeal." The order of February 25, 1888, continuing the receivership, was made before, and not after final judgment, and the order was not justified by this subdivision.

We need not determine in this case whether the jurisdiction of the Supreme Court to appoint receivers, can be exercised only in the cases and under the circumstances prescribed by section 713, or by other statutes. But in cases where the provisions of section 713, are applicable, and the statutory provisions furnish an adequate remedy, the power of the court is we think limited by that section, and it must proceed in the manner pointed out thereby, or else its orders will be void. It is within the power of the court, after judgment, to appoint a receiver pending an appeal therefrom, although the judgment denies relief to the plaintiff. But the Code evidently contemplates that this application is to be made upon the whole case, including the adverse judgment. It does not permit an order to be made in anticipation of the judgment, continuing the receivership after judgment shall have been rendered. The protection of the rights of parties does not require any departure from the practice prescribed by section 713. The power of the court to stay proceedings pending an application for the appointment of a receiver under the third subdivision, preserves any substantial rights of the defeated party. The order of February 25, has no added force because two of the executors of Colwell may have united in the application for it, or for the reason that the receiver is one of the executors. It was opposed by the third executor, and his opposition prevents the order being regarded as made by the consent of all the parties in interest, assuming that such consent would have conferred jurisdiction.

We think the order of February twenty-fifth was made without jurisdiction, and did not operate to vest in the plaintiff a right of action to recover the claim sued upon.

The judgments of the Special and General Terms should, therefore, be reversed, and judgment directed for the defendants on the demurrer.

All concur.

Judgment accordingly.