(16 Misc. Rep. 132.)

### McCARTY v. STANWIX.

(Supreme Court, Special Term, Albany County. February, 1896.)

PARTNERSHIP—DISSOLUTION—APPOINTMENT OF RECEIVERS.

A receiver will not be appointed in a proceeding to dissolve a partnership where the partnership is denied, unless the court is satisfied that there is in fact a partnership between the parties, or that the fund is in danger.

Action by Thomas McCarty against David H. Stanwix to dissolve a partnership. Plaintiff moves for the appointment of a receiver and a temporary injunction. Denied.

W. Frothingham, for plaintiff.
Edward J. Meegan, for defendant.

CHESTER, J. The plaintiff, who has brought this action to procure the dissolution of an alleged partnership between him and the defendant, now moves for the appointment of a receiver, and for a continuance of the temporary injunction heretofore granted. The defendant has interposed, for answer, a general denial of all the allegations of the complaint, and presents his own affidavit on this motion, and the affidavits of other persons in corroboration of it, denying the alleged partnership, and denying the facts alleged in the moving papers tending to show a partnership. The affidavits on this question presented in support of the motion are squarely denied by those presented in opposition. I am disposed to apply to this motion the rule that, where the partnership is denied, the court should not appoint a receiver or grant an injunction unless it is satisfied from the affidavits that there is in fact a partnership between the parties, or that the fund is in danger. Goulding v. Bain, 4 Sandf. 716. The affidavits here are very conflicting in their char-

acter, and fail to convince me that a partnership exists between these parties, or that there are any assets of the alleged partnership that are liable to be misapplied if left in the care of the defendant until the action is tried.

Motion denied, with costs.