CLARENCE P. DAY, Appellant, v. CHARLES H. DOW and Others, Respondents.

*An agreement providing that it shall be " put in legal form on demand of either of the parties hereto," is not incomplete — when an injunction will not be granted or a receiver appointed of a copartnership.*

A provision in an agreement that it should be " put in legal form on demand of either of the parties hereto," does not indicate incompleteness or leave anything open for future negotiation or understanding.

Circumstances considered under which the plaintiff, who claimed to be a partner of the defendants, which claim was denied, is not, in an action for a dissolution of the alleged partnership, entitled to an injunction restraining the defendants from interfering with the partnership assets, and to the appointment of a receiver of such assets pending the action.

Appeal by the plaintiff, Clarence P. Day, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of November, 1899, denying his motion for an injunction *pendente lite* enjoining the defendants from interfering with the assets of the firm of Dow, Jones & Co., and also for the appointment of a receiver of the property described in the complaint in the action, including all the partnership assets, rights, interests and choses in action of said firm.

*Roger Foster*, for the appellant.

*Charles A. Decker*, for the respondents.

Patterson, J. :

The plaintiff, claiming to be a copartner in business with the defendants, asserts in this action that his rights as such partner are disputed by them; that they are conducting the business wastefully and to their own advantage solely, and that they threaten to exclude him from access to the books of the firm and, inferentially, from participating in the business. He seeks a judicial dissolution of the alleged partnership, and moved at the Special Term upon a complaint and affidavit for an injunction pending suit and a receivership. The motion was denied and he appeals from the order.

The decision of the court below was right. The plaintiff did not establish the existence of such facts as would justify the court in taking the business out of the hands of its apparent proprietors. It is not claimed that the defendants are insolvent or irresponsible. The business, peculiar in its nature and dependent for its success upon close attention to minute details, belonged, in July, 1899, to the defendants and one Brady. On July 26, 1899, and during the absence of the defendant Dow from the State of New York, Brady entered into a contract with the plaintiff, by which he agreed to sell to the plaintiff his interest in the business, and thereafter the

plaintiff paid to Brady a portion of the purchase price.· On the 9th of September, 1899, Brady sold and transferred the same interest to the defendant Dow. There is much contradictory evidence contained in the affidavits respecting the defendant's knowledge of the plaintiff's purchase from Brady and the rights obtained or asserted by him thereunder, and of the recognition of such rights, but it is unnecessary to pass upon any of these matters now, for it has been shown that early in October, 1899, Dow, Brady and Day, as the result of much prior discussion and negotiation, entered into an agreement by which Day recognized Dow's ownership of the Brady interest, and Dow agreed to make reimbursement to Day of two-thirds of what the latter paid to Brady. The terms of the agreement are explicit, and Dow stands in readiness to perform his part thereof. The agreement was reduced to writing and is signed with the initials of the three parties. It is claimed by Day that it was a proposed, and not a definite or final agreement, but its terms import otherwise. The phrase relating to its being " put in legal form on demand of either of the parties hereto," does not leave anything open for future negotiation or understanding, nor indicate incompleteness in any sense, and the contract cannot be evaded. In that respect the case resembles *Sanders* v. *Pottlitzer* (144 N. Y. 209).

It is contended by the plaintiff that there was no actual delivery of this agreement shown, but it appears that the original signed instrument was delivered by Dow and Brady to Day, who took it to make copies for the other signers. The contest respecting the subsequent possession of it does not determine the matter of delivery. It was signed by Dow and Brady, and given to Day. He has failed to make out that it was not so given to him as a technically delivered and fully operative instrument.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.