CESSNA, Respondent, v. OTHO DEVELOPMENT AND POWER COMPANY et al., Appellants.

(153 N. W. 380.)

(File No. 3774.    Opinion filed June 19, 1915.)

1. **Appeals—Error—Dismissal of Appeal—Appealable Order—Ex Parte Appointment of Receiver—Provisional Remedy—Receiver as Party to Appeal, Necessity.**

   An ex parte order, appointing a receiver of a defendant mining corporation, made in an action to enforce a miner's lien, is appealable under Code Civ. Proc., Sec. 462, making appealable an order granting a provisional remedy; such order constituting a provisional remedy. Held, further, that the receiver was not a necessary party to an appeal from such order.

2. **Mines and Minerals—Miner's Lien—Receivership, Showing Necessity for—Commencement of Suit as Conditional Precedent—Sufficiency—Notice—Statute.**

   Under Laws 1909, Ch. 51, providing for the appointment of a receiver of the property covered by liens involved in a suit to foreclose miner's liens, whenever suit has been commenced, and upon motion of a majority of the lienors, held, that the mere commencement of an action was not sufficient to warrant an order appointing a receiver, but such lienors must make a

prima. facie showing, upon notice, sufficient to justify appoint-
ment of a receiver of a mining corporation, although the statute
did not mention the necessity of such showing; since a statute
which would permit appointment of a receiver to take posses-
sion of property, thus taking from the owner the right of pos-
session and control, without such showing, would be fundamen-
tally void.

3. **Statutes—Miners' Liens—Receivership—General Statute, Repeal-
ing Special—Title of Act, Scope of—"Real Estate."**

Laws 1913, Ch., 263, entitled "An act creating and defining
liens for labor and material rendered and furnished in the im-
provement of real estate, and providing the method for the
enforcement thereof," repealed Laws 1909, Ch. 51, specifically
regulating the subject of miners' liens and the enforcement
thereof, since an act carrying a general title, as does Ch.
263, should be liberally construed so as to include all legislation
that by fair and reasonable inference may be included therein
and within its title; and said title is broad enough to include
liens of all classes, for labor and material involved in improve-
ment of real estate; real estate being included in mines and
mining claims.

4. **Constitutional Law—Statute With General Title—Presumption of
Validity.**

Where a statute has a broad and comprehensive general title,
all reasonable doubts must be construed in favor of its con-
stitutionality.

5. **Statutes—Title and Subject—Relation of Title to Subject.**

The title of an action should never be construed or required
to be an index to the contents thereof.

Appeal from Circuit Court, Pennington County.   Hon. LEVI
McGEE, Judge.

Action by James A. Cessna against the Otho Development &
Power Company, the Otho Gold Mining and Milling Company,
the Chicago Savings Bank and Trust Company, and Leverett
Thompson, Trustee, and others, to enforce miners' liens.   From
an order appointing a receiver for the defendant, Otho De-
velopment and Power Company, the named defendants appeal.
Reversed.

*Schrader & Lewis,* for Appellants.

*George A. Jeffers,* for Respondents.

(1) Under point one of the opinion, Appellants cited.   Sub.
3, Sec. 462, C. C. P.; Sec. 155, C. C. P.; State v. Egan, (Minn.)
64 N. W. 813; De La Nestanga v. De La Nestanga, (Cal.) 44
Pac. 345.

Respondents cited:   Deere & Webster Company v. Hinkley, 20 S. D. 359, on page 362; State ex rel. Norris v. The Court, (Minn.) 53 N. W. 1157; Sundberg v. Goar, (Minn.) 99 N. W. 938; Stewart v. Stewart, 111 N. Y. S .736.

(2) Under point two of the opinion, Appellants cited: Secs. 227, 155, subd. 5 C. C. P.; Kelly v. Fargo Co., 16 S. D. 73; Alderson on Rec., Secs. 112, 114, 116, 120-1; 34 Cyc. 112, also pages 40, 47 51 and 80; High on Rec., Sec. 11; Silverman, Lindauer & Co. v. Kuhn et al., 5 N. W. 523; Baggaley v. Illinois Trust Co., (Ill.) 64 N. E. 1085; Rule 7, Rules of Practice Cir. Court, 22 S. D. p. 2.

Respondents cited:   Section 229, Code Civ. Proc.; Real Estate Assn. v. Supreme Court, 60 Cal. 223, on page 227; Davila v. Heath, 109 Pac. 893; Bibby v. Deiter, 113 Pac. 874.

(3) Under point three of the opinion, Appellants cited: Laws 1913, Ch. 263; Campbell v. Case, 22 S. D. 16; Busby v. Riley et al., 6 S. D. 401; King v. Cornell, 106 U. S. 395; Campbell v. Case, 1 Dakota, 16; Co-Operative Assn. v. Fawick et al., 11 S. D. 589.

Respondents submitted that: These statutes are not antagon-1031, 1032, 1076, 1079; 22 Cyc. p. 5; 136 Federal, 326; 58 Pac. 738; 90 Federal, 83; 50 Pac. 522; 133 Pac. 78; 166 U. S. 601; 41 L. Ed. 1130; 79 Pac. 898; 65 Pac. 403; 9 N. W. 344; 56 Iowa, 452; 65 Pac. 578; 133 Cal. 285; 30 S. D. 547.

Respondents submitted that:   These statutes are not antagonistic or repungant to each other.   Chapter 263, Laws 1913, was simply cumulative, and did not repeal the act of 1909.   In other words, there are two remedies; section 16, act of 1913 is merely directory; and cited: Edgerton Lumber Company v. Masonic Building Association, 24 S. D. 65; Newton v. McGee, 31 S. D. 216, 140 N. W. 252; Buckham v. Hoover, 18 S. D. 429, 101 N. W. 28.

(4) Under point four of the opinion, Appellants cited: Art. 6, Sec. 2, Const.; Art. 3, Sec. 21, Const.

Respondent cited:   Minneapolis Threshing Machine Company v. Roberts, (S. D.) 149 N. W. 163; Jones et al. v. Great Southern Hotel Company et al., 86 Fed. 370; Phelan v. Terry, 101 Minn. 454, 112 N. W. 872.

McCOY, P. J.   This action was instituted by the service of

summons and complaint on all the defendants to foreclose statutory miner's liens. From the complaint it substantially appears that defendant Otho Development & Power Company is a corporation existing under the laws of this state; that said Otho Development & Power Company is the owner of certain mines and mining claims situated in Pennington county, together with mill, hoist, and all buildings and machinery and improvements and appurtenances in connection therewith; that plaintiff is a laborer and miner by trade, and that he entered into a contract with the Otho Development & Power Company to do and perform certain work and labor as a miner, in and upon said mines and mining claims, and that pursuant to said contract plaintiff, between the 1st day of August, 1914, and the 12th day of November, 1914, did and perform work and labor as a miner in and upon said mines and mining claims, which at the agreed price came to $384, no part of which has ever been paid excepting $75; that on the 17th day of December, 1914, plaintiff, for the purpose of securing and perfecting a miner's line for such moneys due him on account of said work and labor upon said mines and mining claims, together with the mill, hoist, and buildings and machinery thereon, under the provisions of chapter 51, Laws of 1909, and the acts amendatory thereof, filed, in the office of the clerk of the circuit court for said county, an affidavit and notice of his claim of lien, duly sworn to and verified; that no proceedings at law or otherwise have been instituted to collect said claim; and that the defendants have, or claim to have, some interest in or claim upon said property, but which claims or interests are inferior and junior to the lien of plaintiff. Plaintiff prayed judgment and decree foreclosing said miner's lien upon said property, and barring defendants from any right, title, or interest therein. On the 18th day of December, 1914, the plaintiff and the defendants Robertson, Malgreen, and Stevens, as all the similar lien owners, united in a motion for the appointment of a receiver, reciting that said motion was based on section 8 of chapter 51, Laws of 1909, and requested that one C. M. Cessna be appointed such receiver of all the property covered by said liens; and on said date the trial court by order granted said motion, and appointed said C. M. Cessna receiver to take possession of said mines and mining claims and said property of said

Otho Development & Power Company. No notice was given to said Otho Development & Power Company of the application and motion for the appointment of such receiver; the said order of appointment being what is termed an ex parte order. Thereafter, on the 9th day of January, 1915, the defendant Otho Development & Power Company moved the court to cancel and set aside the said order appointing a receiver, upon substantially the following grounds: (1) That the order is not based upon any affidavit other than the verified complaint, the facts stated in which are not sufficient to show any necessity for or to authorize the court to make the order appointing a receiver; (2) that the court had no jurisditcion to make said order without notice to said defendant. This motion to cancel and set aside the order appointing the receiver was denied, and said defendant duly excepted. On the 11th day of February, 1915, the defendant Otho Development & Power Company duly appealed from the order of December 18, 1914, appointing said receiver, and now urges that the court erred in making such order, on the ground that there were no facts before the court tending to show any necessity for or authority to appoint a receiver, and on the ground that such order was made ex parte and without notice to said defendant.

[1] Respondent moved to dismiss said appeal on the grounds, among others, that the order appealed from is not an appealable order, and that the receiver was not made a party to the appeal. It is the contention of respondent that an ex parte order appointing a receiver is not an appealable order, and that the receiver was a necessary party to the appeal. We are of the view that such contentions are not tenable. The appointment of a receiver is a provisional remedy. Code Civ. Proc. § 462; Joseph Dry Goods Co. v. Hecht, 120 Fed. 760, 57 C. C. A. 64; Title Ins. Co. v. Trust Co., 159 Cal. 484, 114 Pac. 838; Colwell v. Bank, 119 N. Y. 408, 23 N. E. 739; De la Montanya v. De la Montanya, 112 Cal. 101, 44 Pac. 345, 32 L. R. A. 82, 53 Am. St, Rep. 165; Anderson v. Mathews, 8 Wyo. 307, 57 Pac. 156; Anderson on Receivers, §§ 126, 313, 316; Smith on Receivers, 7071; High on Receivers, § 830; 17 Ency. Pl. & Pr. 868, 870, 877.

[2-5] The contention is made by respondent that it was not

necessary, under section 8, c. 51, Laws of 1909, to make any showing whatever as to the necessity for a receiver, as the only condition precedent to such appointment prescribed by said act is that a suit had been commenced to foreclose such miner's liens. We are of the view that this contention is not well taken. The effect of the appointment of a receiver to take possession of property is to take from the owner the right of possession and control of his own property and place it in the hands and under the control of a stranger, and any statute which would permit such act without a showing justifying it is fundamentally and clearly void. In St. Germain Ditch Co. v. Hawthorne Ditch Co., 32 S. D. 260, 143 N. W. 124, in relation to section 16, c. 180, Laws of 1907, it was held that a statute which provided that upon the mere commencing and filing of a suit the court might order hydrographic surveys to be made, and that the parties owning the lands over which such surveys were made should pay the costs thereof, was void and not due process of law; that simply the filing of such suit was not sufficient authority to deprive the owners of property rights. The same principle is involved in the case present. We are of the view that the provisions of this act, chapter 51, Laws of 1909, so far as it relates to the appointment of receivers, should be construed in the light of other existing laws in relation to receivers; and, before the court would be authorized to appoint a receiver in such an action, a showing upon notice should be made, sufficient to justify and warrant the appointment of a receiver. It is urged by appellant that chapter 51, Laws of 1909, was repealed by chapter 263, Laws of 1913, the contention being that said chapter 263 is a general law upon the subject of labor and material liens for improvements upon real estate, and inherently includes the entire subject-matter of said chapter 51. On the other hand, respondent contends that the title of chapter 263, under section 21, art. 3, Const., is not sufficient to carry legislation that would repeal chapter 51. The provisions of chapter 263 are inherently in conflict with the provisions of chapter 51, and cover the same subject-matter. The title of chapter 263 is:

"An act entitled, An act creating and defining liens for labor and material rendered and furnished in the improvement of real estate, and providing a method for the enforcement thereof."

This is a broad and comprehensive general title, as distinguished from a specific and itemized or restricted title. If this title by its language and terms had undertaken to specify and name what classes of specific liens were included therein, and had specifically named certain classes as included, and had left out and not named certain classes of liens, and miner's liens were among the classes not named, then clearly respondent's contention would be well taken; but the framers of this act (chapter 263) have adopted a general title, and the rule seems to be that courts are very liberal in their construction of such general titles, and all legislation, which by any fair and reasonable inference or intendment can be included therein, should be held to be within such title, and all reasonable doubts must be construed in favor of the constitutionality of the statute. The title of an act should never be construed or required to be an index of the contents of an act. This question was considered by this court in State. v. McPherson, 30 S. D. 547, 139 N. W. 368, and in Wilson v. Surety Co., 31 S. D. 175, 140 N. W. 263. If miners' liens for labor or materials furnished are not included in the title of said chapter 263, neither is the lien of a carpenter, lumberman, or any other sort of mechanic's lien; for the same reason and logic urged by respondent as to miners' liens would also, with equal force, apply to and exclude mechanics' and lumber dealers' liens, or any other class of liens. None of them are specifically mentioned in this title, but the title is broad enough in its general language to include them all. This title included all liens for labor and materials rendered and furnished in the improvement of real estate. Real estate includes mines and mining claims. We are of the view, therefore, that chapter 51 was repealed by chapter 263.

The order appealed from is reversed and set aside.