Per Curiam,

The order,, appealéd from should be reversed. The receiver should be discharged and; the contempt proceeding dismissed. It is' noi necessary to repeat the statement of facts contained in the opinion of this court "bn appeal from the judgment following the trial of the action which w^s decided in plaintiff’s favor (Baksi v. Wallman, 271 App. Div. 422). The receiver appointed pendente lite has become functus officio (Colwell v. Garfield Nat. Bank, 119 N. Y. 408). The following quotation from, the opinion in. the Cohpell case (supra, pp. 412-413) is pertinent: “The first subdivision of that section [Code Civ. Pro., § 713, now Civ. Prac. Act, § 974] provides for the only case where a receiver can be appointed before judgment, and that is the usual receiver pendente lite, whose active functions terminate with a judgment adverse to the party who procures his appointment * , * • *. But , we find no authority to support the proposition that a receiver pendente, lite, may, after judgment against the party at whose instance he was appointed, commence an action in behalf of the estate which he represents. The second . subdivision of section 713, authorizes ■ the appointment of a receiver by or after final judgment, to carry the judgment into effect. This has no application.. to the "present case. The third subdivision authorizes the appointment of a receiver ‘after judgment, to preserve the property during the pendency of an appeal.’ The order of February 25, 1888, continuing the receivership, was made' before, and not after final judgment, and the order was not justified by this subdivision.”
If' the defendant-respondent sought to maintain the status quo pending, appeal to the Court of Appeals, he should have, applied under subdivision 3 of section '974 of the Civil Practice Act which, application could, then, have been considered on its merits.. New and different considerations from those leading to a receivership pendente lite apply to whether a receiver should be appointed after judgment to preserve the status quo pending appeal.
Although it. is true that a party, will not be relieved from a charge of -, contempt of court for violating an order for the reason that the order is afterwards held to be erroneous, the plaintiff and Wolfson cannot be adjudged guilty of contempt for violating the order of June 21, 1945, for the reason that it is too indefinite. It required them to pay to the receiver an uncertain-amount of money to be computed by a referee. They cannot be answerable in 'contempt for failing to arrive at the correct, sum in advance of the determination by the referee and pay it over to the receiver. There could be no contempt incurred until the amount was established (Howard S. Tierney, Inc., v. James, 269 App. Div. 348).
*753 The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the application by plaintiff-appellant and defendant-appellant granted, except that part thereof which prays for an order authorizing and directing the Twentieth Century Sporting Club, Inc., to pay to the plaintiff Joseph Baksi the .sums held by it to his credit inasmuch as the Twentieth Century Sporting Club, Inc., is not a party hereto and hence not subject to the mandate of the court.
Martin, P. J., Grlennon, Dore, Cohn and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants, and the application by plaintiff-appellant and defendant-appellant granted, except that part thereof which prays for an order authorizing and directing the Twentieth Century Sporting Club, Inc., to pay to the ..plaintiff Joseph Baksi the sums held by it to his credit.