Present — VAN BRUNT, P. J., and INGRAHAM, J.

Order affirmed, with ten dollars costs and disbursements.

---

FREDERICK P. FOSTER, Respondent, *v.* CHARLES E. MOORE and ELIZABETH MOORE, Appellants, Impleaded with Others.

*Service of a summons by publication — proof required to obtain an order — intent.*

The fact, merely, that two different persons on the same day failed to obtain admittance to the apartments occupied by the defendants on whom process was sought to be served, is not sufficient proof that such defendants were keeping themselves concealed, with intent to avoid service of the summons, to warrant an order for service by publication on that ground. (Code Civ. Pro. § 438, subd. 2.)

APPEAL by the defendants, Charles E. Moore and Elizabeth Moore, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 9th day of March 1893, denying a motion of the said defendants to vacate an order directing service of summons by publication, and an order appointing a temporary receiver.

*Robert J. Robeson*, for the appellants.

*Henry A. Foster*, for the respondent.

Per Curiam:

If the order directing the service of the summons by publication was improperly granted, then the second order appealed from appointing a temporary receiver must necessarily fall, because based upon the validity of the prior order. The single question presented is as to whether the affidavits contain such evidence establishing the facts upon which to form an order of publication. The affidavits were directed towards showing that the defendants were keeping themselves concealed with intent to avoid service upon them of a summons. These affidavits state that on the 25th of February, 1893, two persons attempted to obtain service, one in the morning at nine o'clock and the other at eleven o'clock of that day, and upon failure to obtain an entrance into the apartment occupied by the defendants, in which it would appear they then were, a statement was made that they were concealing themselves with intent to evade the service of a summons.

It may well be that such affidavits would be sufficient for substituted service under section 435 of the Code, which provides that where a defendant avoids service of a summons and cannot be served with due diligence, such an order may be granted. But for the purpose of obtaining an order of publication, which requires proof of intent, we think the mere failure to obtain admittance by two different persons on the same day to the apartments occupied by persons upon whom process is sought to be served, hardly comes up to the requirements of the Code of showing an intent on the part of such persons to conceal themselves. In other words, a mere inability to serve process at a particular time is not sufficient to justify an order of publication against defendants, and it is only where evidence is furnished showing such intent that the order should be granted. We think that all that is here shown was mere inability to serve process; and except the conclusions of the two persons who made the affidavits, there is no evidence which would have justified the court in concluding that the defendants were deliberately concealing themselves with intent to avoid the service of a summons.

Although the merits of the action and the conduct of the defendants may be as claimed by the respondent, and sufficient facts were presented to confer jurisdiction upon the judge to act, still we think that, as the only point here is as to the weight to be given to the evidence presented by the affidavits, and having thereupon reached a conclusion contrary to that of the judge below, it follows that both orders must be reversed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., and O'BRIEN, J.

Order reversed, with ten dollars costs and disbursements.