FREDERICK P. FORSTER, Respondent, *v.* ELIZABETH MOORE, Appellant, Impleaded with Others.

*Vacation of the appointment of a temporary receiver, in an action to foreclose a junior mortgage — application of rents collected, to the payment of interest on a prior mortgage.*

When, after the vacation of an order appointing a temporary receiver, made pursuant to section 714 of the Code of Civil Procedure, on an order for service of the summons and complaint by publication, in an action brought to foreclose a junior mortgage, the same person is thereafter appointed receiver *pendente lite,* after personal service of the summons on the defendant, the mortgagor, and the interposition by him of an answer contesting the validity of the mortgage in suit, the receiver may be directed to retain the rents collected by him under his first appointment and to apply them to the payment of interest due on the prior mortgages on the premises.

APPEAL by the defendant, Elizabeth Moore, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 28th day of April, 1893, denying her motion to compel a temporary receiver to pay rents collected by him to her.

*Robert J. Robeson,* for the appellant.

*Henry A. Forster,* for the respondent.

PER CURIAM:

This action was begun in February, 1893 (the precise date not appearing), for the foreclosure of a third mortgage on real estate, and on the twenty-seventh of that month an order was made directing that the appellant be served by publication, and on the same day James L. McNeirny was appointed temporary receiver, pursuant to section 714 of the Code of Civil Procedure. The summons and complaint were personally served on the defendant's husband

March 3, 1893, seven days after the order of publication was made, and on the appellant March 29, 1893. On the 14th of April, 1893, the order authorizing service by publication and the order appointing the receiver were vacated by the General Term. (68 Hun, 526.)

The order appointing the receiver is not a part of the record, nor are its terms disclosed. Prior to April 21, 1893, the receiver collected rents to the amount of $631.20 and had expended $128.55. On the 21st of April, 1893, a motion was heard in behalf of the plaintiff asking that McNeirny be appointed receiver, and that he · be allowed to retain the moneys collected under the prior order. On the same day a motion in behalf of the appellant was heard asking that the moneys collected by the receiver be paid over to her.

In one of the appellant's moving affidavits it is averred : "The defendants Moore have both answered the complaint herein denying the making of the alleged bond and mortgage described in the complaint upon which this action is brought, and deponent will use said pleadings on this motion." The pleadings are not in the record. It is stated in an affidavit made by the defendant's husband, on which the appellant's motion was heard, "that the interest on the first mortgages on said premises is due on May 1st, 1893, and deponent's wife wishes to use the money which said McNeirny collected for the purpose of paying said interest, which is about $500." The mortgaged property is a flat, heated by steam, and occupied by tenants.

The plaintiff's motion for the appointment of a receiver was granted, and the receiver was ordered "to keep said premises in repair, to pay for gas, coal, also the taxes, assessments, water rates and interest on prior mortgages upon said premises." The appellant's motion was denied. Instead of the matter in controversy being disposed of by a single order, two were entered — one granting the plaintiff's motion and the other denying the appellant's. From the latter order Mrs. Moore has appealed. It is evident that the court directed that the rents be applied on the prior mortgages, because the validity of the mortgage in suit was contested, and because Mrs. Moore in her moving papers stated that she wished so to apply the rents.

If the court should reverse the order appealed from and grant the motion, the order appointing the receiver would be left standing, and there would be conflicting orders. It appears that the bond accompanying the mortgage in suit contains a clause that the mortgagee, in case of foreclosure, may take the rents by the aid of a receiver, but neither the bond nor mortgage are in the record, and we think, under a record which does not clearly disclose the rights of the parties, that we ought not to order the rents to be paid to the mortgagor. The order of the court directs the moneys to be applied precisely as the mortgagor stated in her moving papers that she desired to apply them, except the receiver is authorized to apply them in payment of taxes, assessments, water rates and current expenses. If the moneys collected by the receiver are applied on the prior mortgages, the desire of the mortgagor will be effected, and the rights of all parties will be protected pending the litigation.

The order appealed from should be modified by directing that the receiver apply all moneys collected by him under the first order in payment of any sums due on the prior mortgages, and, as so modified, affirmed, without costs to either party.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order modified by directing receiver to apply upon prior mortgages all moneys collected by him under first order, and, as modified, affirmed, without costs.