(35 App. Div. 586.)

FLETCHER et al. v. KRUPP et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. RECEIVERS—APPOINTMENT IN FORECLOSURE—NOTICE.
    Under Code Civ. Proc. § 714, providing that where an order of publi-
    cation of summons as prescribed in Laws 1879, c. 542, § 438, has been
    granted, the court may, in its discretion, appoint a temporary receiver
    without notice to the adverse party, a court has jurisdiction to appoint
    a receiver in a foreclosure suit as soon as the order of publication has
    been made, and without notice to defendant.

2. SAME—PROVISION IN MORTGAGE.
    While a court of equity will not enforce a provision in a mortgage au-
    thorizing the appointment of a receiver for the property upon default
    in any condition of the bond or mortgage, where it would be inequitable,
    yet, where there is such provision, and plaintiff shows that default has
    been made in the payment of insurance, taxes, and interest, and states
    that he does not believe the premises furnish adequate security, a court
    may, in its discretion, enforce the provision.

Appeal from special term, New York county.

Suit by Austin B. Fletcher and another, as trustees, against Felix
Krupp and Harry Lewis. From an order denying a motion to vacate
an order appointing a temporary receiver, defendant Lewis appeals.
Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

A. H. Parkhurst, for appellant.
Henry K. Davis, for respondents.

BARRETT, J. This action is for the foreclosure of a mortgage upon
real estate. The defendant Lewis is the present owner of the prop-
erty. Upon the 13th day of August, 1898, an order was made for the
service of the summons upon Lewis by publication. Upon the 15th
day of the same month an order was made, ex parte, appointing a re-
ceiver of the rents and profits of the mortgaged premises. This order
was made upon the affidavit of Austin B. Fletcher, one of the plaintiffs,
and also plaintiffs' attorney in person. In that affidavit Fletcher
states that an order of publication had been granted against Lewis, and
that the mortgage sought to be foreclosed contained the following pro-
vision:

"And it is hereby further covenanted and agreed that the said parties of
the second part, their successors or assigns, shall be at liberty immediately
after any default in any of the conditions of said bond or mortgage, upon a
complaint filed, or any other legal proceedings commenced for the foreclosure
of this mortgage, to apply for, and shall be entitled as a matter of right, and
without regard to value of the premises above described, or the solvency or
insolvency of the parties of the first part, or any owners of said premises,
and without notice to the parties of the first part, their heirs or assigns, to the
appointment by any competent court or tribunal of a receiver of the rents,
issues, and profits of said premises."

Lewis did not appear in the action, and took no step in hostility to the
receivership until the 14th day of October, 1898, when he served notice
upon the plaintiffs that he would apply at special term, upon a day
named, for an order vacating and setting aside the order appointing
the receiver, "upon the ground that the papers upon which the said order

appointing said receiver was made and entered are insufficient in law, and do not entitle the plaintiffs in this action to the entry of said order appointing said receiver." This motion was founded solely upon the original affidavit of Fletcher, the summons and complaint, and the order appointing the receiver; that is, upon the papers upon which the latter order was granted.

The questions presented by the motion thus made are whether the court had jurisdiction to appoint the receiver, and whether it acted upon papers sufficient to call for the exercise of judgment or discretion upon the subject. We think that these questions must be answered in the affirmative. Section 714 of the Code of Civil Procedure provides that, where an order of publication as prescribed in section 438 of that act (Laws 1879, c. 542) has been granted, the court may, in its discretion, appoint a temporary receiver to receive and preserve the property without notice to the adverse party. Bank v. Wilder, 11 App. Div. 63, 42 N. Y. Supp. 481. Such an order of publication had here been made when the temporary receiver was appointed. The court, therefore, had jurisdiction to make the order without notice to Lewis.

We think, too, that the above-quoted provision of the mortgage was entitled to consideration and weight upon the application. Manufacturing Co. v. Whiston (Sup.) 14 N. Y. Supp. 344. It is true that courts of equity will not enforce such provisions in a mortgage where it would be inequitable or unconscionable to do so. Degener v. Stiles (Sup.) 6 N. Y. Supp. 474. But nothing of the kind appeared here. On the contrary, the plaintiff's affidavit showed that insurance and the Croton water tax for the year 1898 were unpaid, as well as principal and interest. He also stated that he did not believe that the premises furnished adequate security for the payment of the mortgage. These facts were slight, and would have been quite insufficient apart from the provision in question. We cannot say, however, that these facts, taken in connection with this provision, were insufficient as a basis for the exercise of judgment or discretion. The court acted mainly upon the mortgagors' express covenant. That covenant certainly sufficed to confer jurisdiction upon the subject. Whether the covenant should or should not be enforced was a question which called for the exercise of judgment and discretion. The court here, as it was authorized to do, gave the provision its due weight. If, for any reason, it should not have been given that weight; if the facts to which the plaintiffs deposed were inaccurate; if, in truth, the property was adequate security,—these considerations should have been made to appear by the party claiming that the enforcement of the provision would be inequitable and oppressive. Lewis made no such claim, and deposed to no fact tending to show that injustice or oppression would result from the enforcement of the covenant. In the absence of such evidence on his part, we think the real injustice would have been in disturbing the receivership.

The order denying Lewis' application was right, and should be affirmed, with $10 costs and disbursements. All concur.