(66 App. Div. 575.)

### DAZIAN et al. v. MEYER et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

MORTGAGES—FORECLOSURE—RECEIVERS—NOTICE TO OWNER—ACCOUNTING.

In an action to foreclose a mortgage, the owner of the premises, under a deed from the mortgagor recorded a few days before the action was commenced, was not made a party. Plaintiff's motion for a receiver, on notice served on the mortgagor, was granted, and he collected the rent. Thereafter such owner was brought in by supplemental summons and complaint, when she moved that the order appointing the receiver be vacated on the ground that notice of the application was not served on her as required by Code Civ. Proc. §§ 713, 714. Plaintiff at the same time moved that a new receiver be appointed, to whom the first receiver should be required to account. The court denied the motion of the owner, and granted plaintiff's. *Held*, that the first order, appointing a receiver without notice to the owner, was void, and that the rents collected by such receiver should be paid over to the owner, and not to the new receiver.

Appeal from special term, New York county.

Action by Wolf Dazian and others against August Meyer and others. From an order denying the motion of defendant Dora Miesel to vacate an order appointing a receiver, etc., she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

S. C. Weinberg, for appellant.
Gibson Putzel, for respondents.

HATCH, J. This action was brought to foreclose a mortgage upon premises situate in the city of New York. The complaint

was filed on December 6, 1900, with a notice of the pendency of the action, and it appears from the affidavits that the action was brought upon the theory that the defendants August Meyer and Annie Meyer were the owners of the equity of redemption in the mortgaged premises; that upon this assumption an order to show cause why a receiver of the rents and profits of the mortgaged premises should not be appointed, together with the affidavits upon which the same was granted, was served upon said defendants, and upon their default a receiver was appointed on December 28, 1900, who qualified and entered upon the discharge of his duties prior to January 1, 1901. After the lapse of some time, during which the receiver was receiving and collecting the rents and profits, it was discovered that the defendants Meyer were not the owners of the equity of redemption, but that some days before the filing of the notice of pendency the premises had been conveyed to Dora Miesel, the appellant herein, whose deed of conveyance was on record when the action was commenced. Thereupon an order was obtained by the plaintiffs permitting them to make and serve a supplemental summons and complaint, and Dora Miesel was made a party and served on March 6, 1901, and she thereafter appeared in the action, through her attorneys, and obtained an order requiring the plaintiffs to show cause why the order appointing a receiver should not be vacated, and why the receiver should not be required to account to her for all the rents and profits collected by him as such receiver; the basis of the application being that no notice of motion for the order had been given to the adverse party, as required by section 714 of the Code of Civil Procedure. Upon this order being served upon the plaintiffs, they immediately obtained a cross order requiring the defendant Miesel to show cause why the original order appointing a receiver should not be continued, or, in the alternative, why an order should not be made appointing a new receiver, and directing the first receiver to account and turn over to the new receiver all rents collected by him. These motions were heard together, and the order of the special term recites that the motion to vacate the order appointing a receiver be denied, and that the motion to appoint a receiver, with directions to the receiver first appointed to account for the rents collected by him to the new receiver, be granted. The order then appoints the same person the new receiver, and directs him to turn over and account to himself as receiver, under that order, all rents of the premises theretofore collected by him, after deducting necessary expenses. From the order so made this appeal is taken by the defendant Dora Miesel.

It is contended by the respondents that, notwithstanding the recital of this order that the motion to vacate the order appointing the receiver was denied, it, in effect, did vacate that order, although denying appellant's motion, and granted one of the alternative reliefs asked by the plaintiffs. It appears that the receiver had collected under the first appointment over $600, and had expended over $125. At the time the first order appointing a receiver was made, the defendant Dora Miesel was not a party to the action. She received no notice, and could be in no wise affected by such order.

Prior to the adoption of the Code, and under the old chancery practice, it was requisite that a person of whose property a receiver was appointed should be a defendant in the action. Insurance Co. v. Stebbins, 8 Paige, 565. Since the adoption of the Code the appointment of receivers is regulated by the provisions of sections 713 and 714, which are exclusive so far as the provisions cover the subject. Colwell v. Bank, 119 N. Y. 408, 23 N. E. 739. There is no doubt but that the provisions of section 713 cover the subject-matter involved in this action; but, before a receiver could be appointed, it was essential that notice should be given to the owner of the property,—the provisions of section 714 in this respect being mandatory,—and an order appointing a receiver without such notice is void. It is otherwise where the service of the summons has been had by publication. Fletcher v. Krupp, 35 App. Div. 586, 55 N. Y. Supp. 146. It is not disputed in the present case that Dora Miesel did not receive the notice for which the Code provides, even though it be conceded that she had information, through her attorneys, of the notice, which was served upon the other defendants in the action. Such information could in no measure affect her or her rights in the premises. Consequently the court acquired no jurisdiction to make that order, as against her. Undoubtedly the court was authorized to make the order appointing a receiver, after she was made a party and received notice of the application; but such condition furnished no authority for the direction that the receiver pay over to the newly-appointed receiver the rents previously collected. There was no authority to withhold such rents from the owner of the equity of redemption. Such rents belonged to her, and the court should have directed their payment over to her. To this extent, therefore, the order is without authority, and should be reversed. Nothing that appears in Forster v. Moore, 73 Hun, 244, 25 N. Y. Supp. 1032, conflicts with this view. Therein the application of the moving party stated that it was her wish to apply the rents upon a prior incumbrance, and it was for that reason that she desired the payment to her of the moneys. The order in that case appointing a receiver so provided, and it was held that, as all the moving party desired was the application of such moneys upon the prior mortgage, her desire was accomplished by the terms of the order, and for that reason the application was denied.

It follows that the order, so far as appealed from, should be reversed, with $10 costs and disbursements to the appellant, and the motion to discharge the receiver, and for the payment of moneys collected by him to Dora Miesel, under the order of December 28, 1900, be granted. All concur.