(37 Misc. Rep. 517.)

## COLEMAN v. GOODMAN.

(Supreme Court, Special Term, New York County. March, 1902.)

MORTGAGE FORECLOSURE—RECEIVER—APPOINTMENT.

　　Under Code Civ. Proc. § 714, allowing the appointment of a receiver on notice, and, where an order has been made for service by publication under section 438, a temporary receiver without notice, a receiver pendente lite cannot be appointed on foreclosure without notice to the owner of the equity of redemption, where no such order for publication has been made.

Action by Robert H. Coleman against Augusta Goodman. Motion to set aside an order appointing a receiver. Motion granted.

Benjamin Franklin, for the motion.
Bowers & Sands, opposed.

GILDERSLEEVE, J. The action is in foreclosure, and a receiver pendente lite was appointed ex parte. This motion is made by the defendant, Goodman, to vacate the order of receivership, and to compel the receiver to account for the rents that he has collected, and to pay the same over to said defendant, Goodman. It appears that said defendant became the owner of the equity of redemption in said mortgaged premises on February 4, 1902, when her deed was duly recorded; that on February 19, 1902, the receiver was appointed, without any notice to the said defendant of the application for such receivership; and that at some time subsequent to such appointment of a receiver said defendant was personally served with a copy of the summons and complaint in this action. Section 714 of the Code provides that:

　　"Notice of an application, for the appointment of a receiver, in an action, before judgment therein, must be given to the adverse party, unless he has failed to appear in the action, and the time limited for his appearance has expired. But where an order has been made, as prescribed in section four hundred and thirty-eight of this act (for service of summons by publication or without the state), the court may, in its discretion, appoint a temporary receiver to receive and preserve the property, without notice, or upon a notice given by publication or otherwise, as he thinks proper."

In the case at bar the defendant was not in default, and no order under section 438 of the Code had been made. In the case of Dazian v. Meyer, 66 App. Div. 575, 73 N. Y. Supp. 330, Mr. Justice Hatch, delivering the opinion of the appellate division of this department says:

"Before a receiver could be appointed it was essential that notice should be given to the owner of the property, the provisions of section 714 in this respect being mandatory, and an order appointing a receiver without such notice is void. It is otherwise where the service of the summons has been had by publication."

This motion must be granted, but without prejudice to an application for a receivership on notice to the defendant, upon the payment of $10 costs. The rents already collected by the receiver must be paid into court to await the result of this action.

Motion granted, but without prejudice to an application for a receivership on notice to defendant, upon payment of $10 costs.