(120 App. Div. 319)

WOERISHOFFER v. PEOPLES et al.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

MORTGAGES—FORECLOSURE—RECEIVER—NOTICE OF MOTION—NECESSITY.

In a mortgage foreclosure the court may appoint a receiver without notice, though the parties have stipulated that notice should be given; but, where the parties have so stipulated, either inability to give the notice or prejudice incidental to the delay should be shown before a receiver is appointed without notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1379.]

Ingraham, J., dissenting.

Appeal from Special Term.

Foreclosure action by Anna Woerishoffer against Sydney W. Peoples and others. From an order of the Special Term denying his motion to vacate an order, granted ex parte, appointing a receiver, defendant Peoples appeals. Reversed, and motion granted.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. W. Purdy, Jr., for appellant.
Langdon P. Marvin, for respondent.

LAUGHLIN, J. The action is brought to foreclose a mortgage upon the fee of the premises No. 39 Lispenard street and No. 332 Canal street, and upon a leasehold interest in premises No. 41 Lispenard street. The mortgage was not due. It fell due on the 5th day of July, 1906. The amount due and unpaid at that time was $60,000, together with interest from the 4th day of December, 1905, at the rate of 4½ per centum per annum. The mortgage contained a clause with respect to the appointment of a receiver on 10 days' notice to the mortgagor, as follows:

"And it is hereby further covenanted and agreed that the said party of the second part, her legal representatives or assigns, shall be at liberty, immediately after any default in any of the conditions of said bond and mortgage, upon a complaint filed, or any other proper legal proceedings commenced for foreclosure of this mortgage, to apply for, and shall be entitled as a matter of right, and without regard to the value of the premises above described, or the solvency or insolvency of the party of the first part, or of any owner of said premises, and on 10 days' notice to the party of the first part, his heirs or assigns, to the appointment by any competent court or tribunal of, a receiver of the rents, issues, and profits of said premises, with the power to lease said premises for a term to be approved by the court, with power to pay taxes, assessments, and water rents, which are or may become liens on said premises, and keep the same insured, and with power to take proceedings to dispossess tenants and make all necessary repairs, and with such other repairs as may be deemed necessary, who, after deducting all charges and expenses attending the execution of said trust as receiver, shall apply the residue of the said rents and profits to the payment and satisfaction of this mortgage, and the bond accompanying the same, or to any deficiency which may arise after applying the proceeds of the sale of said premises to the amount due, including interest and costs and expenses of the foreclosure sale."

Subsequent to the execution of the mortgage, by mesne conveyances, the title vested in the appellant, who resides in the city of Philadelphia, Pa. The summons and complaint were personally served upon him

there, pursuant to an order for service by publication and without the state, on the 17th day of November, 1906. The plaintiff, at the time the motion for the appointment of a receiver was made, knew the address of the appellant and made no effort to serve notice of the motion upon him. No facts or circumstances are shown indicating that plaintiff would have been prejudiced by the delay incident to giving the notice required by the mortgage. The plaintiff proceeded in disregard of the clause in the mortgage, and relies upon the general jurisdiction of the court to appoint a receiver of rents and profits in an action to foreclose a mortgage, regardless of any express contract between the parties. The court has such jurisdiction, and doubtless may appoint a receiver without notice, notwithstanding the fact that the parties have stipulated that notice should be given; but where, as here, the parties have agreed that notice should be given, some facts or circumstances should be presented tending to show either inability to give the notice, or that the plaintiff will be prejudiced by the delay incidental thereto.

Here, as already observed, the moving papers neither showed inability to give the notice, nor that the plaintiff would be prejudiced by delaying the appointment of the receiver for the period necessary to give the notice. The plaintiff merely showed that during the month of September, 1906, one of his attorneys was informed by the agents for the owner that they had on hand several hundred dollars, a balance of rents collected from the premises, but were instructed by their principal to pay no further taxes or ground rent or interest on the mortgage; that the ground rent of the premises was $1,650 per annum, and the aggregate of rentals received was $8,410 per annum; that she has been obliged to pay $687 for ground rent which fell due in September, 1906; that taxes on the premises for the year 1905, aggregating $1,356.36, and for 1906, aggregating $1,345.79, remain unpaid; that the value of the premises has been constantly deteriorating since the mortgage was executed, and in the judgment of a real estate broker who examined the same the mortgaged premises were not worth more than the sum of $75,000. The affidavits on which the motion to vacate the order was made show that the security is ample; but I think the decision of the appeal should not be based upon that ground.

Respondent relies upon section 714 of the Code of Civil Procedure. That section expressly requires notice of motion to appoint a receiver, unless the adverse party has failed to appear in the action and the time limited for his appearance has expired, unless an order for service by publication has been made, in which case the court may, in its discretion appoint a temporary receiver, with or without notice, unless the mortgage expressly provides that a receiver may be appointed without notice, in which event notice in all cases may be dispensed with. It has been held by this court under that section that, where an order for service by publication has not been granted, the appointment of a receiver ex parte is absolutely void. Dazian v. Mayer, 66 App. Div. 575, 73 N. Y. Supp. 328. As the court will not appoint a receiver merely because the mortgagor by a clause in the mortgage has consented thereto, but will take that fact into considera-

tion with the other evidence presented in deciding how to exercise its discretion (Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54; New York Building Loan Co. v. Begley, 75 App. Div. 308, 78 N. Y. Supp. 169), so I think the court should take the contract concerning notice into consideration in deciding whether to exercise its jurisdiction without notice, which apparently was not done here. While conceding the jurisdiction of the court to appoint a receiver without notice, notwithstanding the contract, yet I am of opinion that the contract should not be altogether ignored, and that, in the absence of evidence tending to show inability to give the notice or prejudice by the delay incident thereto, the court was not warranted in appointing the receiver.

The order should, therefore, be reversed, with $10 costs and disbursements, and motion to vacate the order appointing the receiver granted, with $10 costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). I dissent. I think the court had power to appoint the receiver, where it appeared that the defendant was a nonresident and had expressly instructed his representatives not to pay any ground rent, taxes, or interest on the mortgaged premises. A large amount of ground rent and taxes were due, for which no provision was made, and the whole interest of the mortgagor and mortgagee in the premises was jeopardized by the failure to pay the ground rent and taxes. If the defendant had been within this state, where notice could have been served, the proposition would have been different; but under this covenant I think there was nothing to justify the inference that when the owner of the property departed from this state he would have to be followed and served before a receiver could be appointed. The provision as to service of notice had reference to a notice that could be served within the jurisdiction of the court, and the defendant by departing from the jurisdiction of the court rendered nugatory that provision.

I think a proper case was made for the exercise of the discretion of the court, that the appointment was regular, and the order should be affirmed.