### JARMULOWSKY v. ROSENBLOOM et al.

(Supreme Court, Appellate Division, First Department. April 16, 1908.)

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER.

Code Civ. Proc. § 714, provides that the appointment of a receiver before judgment shall be on notice, unless the adverse party has failed to appear within the time for appearance, except where an order has been made for service of the summons by publication, or where the action is for the foreclosure of a mortgage which provides that a receiver may be appointed without notice A mortgage provided that the holder thereof in any action to foreclose it should be entitled, without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises. In an action to foreclose the mortgage an ex parte order for a receiver was made before the time for appearance of the adverse party had expired. There had been no order directing service of the summons by publication, nor was there any showing that the mortgaged property was not sufficient security for the mortgage debt. Held, that the order appointing the receiver should have been vacated; the mere existence of a receiver clause in the mortgage giving no absolute right to the appointment of a receiver, and there being nothing

to bring the case within the exceptions to the provision that no receiver be appointed without notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1371–1382.]

Appeal from Special Term.

Action by Sender Jarmulowsky against Jacob Rosenbloom and others to foreclose a mortgage. From an ex parte order appointing a receiver of the rents and profits of the mortgaged property, and from a refusal to vacate the order, certain defendants appeal. Reversed, and motion to vacate granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

J. A. Seidman, for appellants.
Morris Clark, for respondent.

CLARKE, J. This is an action brought to foreclose a mortgage on real estate. The order appointing a receiver pendente lite of the rents and profits of the property covered by the mortgage was made ex parte. The mortgage contained the following clause:

"That the holder of this mortgage in any action to foreclose it shall be entitled, without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal, installment, or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

Section 714 of the Code of Civil Procedure provides that:

"Notice of an application for the appointment of a receiver in an action, before judgment therein, must be given to the adverse party, unless he has failed to appear in the action, and the time limited for his appearance has expired. But where an order has been made, as prescribed in section 438 of this act, the court may, in its discretion, appoint a temporary receiver and preserve the property, without notice or upon a notice given by publication or otherwise, as it thinks proper. But where the action is for the foreclosure o˙ a mortgage, which mortgage provides that a receiver may be appointed without notice, notice shall not be required."

When the order appointing a receiver was made, the time limited for appearance in the action of the adverse party had not expired, no order directing the service of the summons by publication, as provided in section 438 of the Code of Civil Procedure, had been made, and the mortgage at bar did not provide that a receiver might be appointed without notice. Furthermore, this record does not disclose any affidavit among the papers upon which the order was granted showing the value of the property, or that there was any likelihood that it did not furnish sufficient security for the mortgage debt. This court said, in Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54, that it was well established that the existence of a receiver clause in a mortgage gave no absolute right to the appointment of a receiver. We said, in Dazian v. Meyer, 66 App. Div. 575, 73 N. Y. Supp. 328:

"Since the adoption of the Code the appointment of receivers is regulated by the provisions of sections 713 and 714, which are exclusive so far as the provisions cover the subject. Colwell v. G. N. Bank, 119 N. Y. 408, 23 N. E. 739. There is no doubt but that the provisions of section 713 cover the sub-

ject-matter involved in this action; but before a receiver could be appointed it was essential that notice should be given to the owner of the property, the provisions of section 714 in this respect being mandatory, and an order appointing a receiver without such notice is void. It is otherwise when the service of the summons has been by publication. Fletcher v. Krupp, 35 App. Div. 586, 55 N. Y. Supp. 146."

The foregoing proposition was expressly approved by this court in Woerishoffer v. Peoples, 120 App. Div. 319, 105 N. Y. Supp. 506.

It follows that the order denying the motion to vacate the ex parte order appointing the receiver should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(57 Misc. Rep. 549.)

### McCASKEY REGISTER CO. v. GREEN.

(Madison County Court.  January, 1908.)

EVIDENCE—PAROL EVIDENCE—AFFECTING WRITINGS.

A contract for the purchase of an account register was signed by the agent of the vendor and by the purchaser, who made a payment on account. The contract did not give the dimensions of the register, and in an action to recover the balance of the price it appeared that the register did not fit the defendant's safe. *Held*, that testimony that at the making of the contract it was agreed that the register should fit the safe was competent, requiring judgment for defendant for the amount of his initial payment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2030–2051.]

Appeal from Justice Court.

Action by the McCaskey Register Company against John Green. Judgment for defendant before a justice, and plaintiff appeals. Affirmed.

John H. Johnson, for appellant.
E. W. Cushman, for respondent.

KILEY, J.  This is an appeal from a judgment of a justice of the peace, rendered on the 28th day of November, 1906, dismissing the complaint of the plaintiff and rendering a judgment for $6, with interest and costs, amounting to the sum of $10.05, in favor of the defendant.

The evidence shows that on March 30, 1906, the plaintiff and defendant entered into an agreement, partially written and printed, which is known as written agreement, in and by which the plaintiff agreed to sell and the defendant agreed to purchase "one McCaskey account register, style No. 4, No. of Accts. 192." The price agreed upon, as stated in the contract, was $72, $6 to be paid on the date of contract, and $11 monthly thereafter, until the whole sum was paid. The contract was signed by A. P. Lewis as plaintiff's agent, for the plaintiff, and by the defendant. The $6 was paid. The contract provided that it covered all agreements between the parties, and that it was subject to acceptance by the plaintiff at its place of business at Alliance, O. It also provided, in subdivision 7 of the conditions printed upon said paper writing, as follows: