## CONROY v. POLSTEIN et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

1. MORTGAGES (§ 469\*)—FORECLOSURE—RECEIVER FOR RENTS—VALIDITY OF APPOINTMENT.

A receiver for rents was properly appointed without notice to the owner in an action to foreclose a mortgage, if the owner was in default; Code Civ. Proc. § 713, authorizing the appointment of a receiver before final judgment on the application of a party who establishes an apparent interest in property in possession of an adverse party, where there is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

danger that it will be materially injured, and section 714, providing that notice of an application for the appointment of a receiver before judgment must be given the adverse party, unless he has failed to appear in the action and the time for appearance has expired.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1376–1381; Dec. Dig. § 469.*]

2. MORTGAGES (§ 473*)—SECOND MORTGAGE—APPLICATION OF RENTS.

Though the appointment of a receiver for rents in mortgage foreclosure proceedings was for the benefit and at the instance of the first mortgagee, if the property sold was sufficient to discharge his debt and the expenses of the sale, the rents in the receiver's hands would become applicable to payment of the second mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

3. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—ORDER FOR RECEIVER.

So much of an order appointing a receiver for rents in mortgage foreclosure proceedings as required a former receiver appointed whose receivership was thereby revoked to account for the rents collected could not have prejudiced the owner of the premises, though the revoking order was defective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

4. MORTGAGES (§ 469*)—RECEIVER—DEFECTS—WAIVER.

Though an order appointing a receiver for rents in mortgage foreclosure proceedings imperfectly defined the receiver's powers, it was not void, and if the owner, without objection upon that ground, permitted the receiver to collect the rents until after judgment of foreclosure and sale, he could not afterwards object to the validity of the appointment on that ground.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1376–1381; Dec. Dig. § 469.*]

Appeal from Kings County Court.

Action by James H. Conroy against Louis Polstein, Yetta Bloom, and another to foreclose a mortgage. From a part of an order denying a motion to vacate an order appointing a receiver, defendant Bloom appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Max H. Newman, of Brooklyn, for appellant.

David Podell (Louis W. Osterweis, of New York City, on the brief), for respondent.

BURR, J. This action was brought for the foreclosure of a mortgage made by Louis Polstein and others to the Citizens' Trust Company of Brooklyn, and assigned by it to the plaintiff. The summons and complaint in the said action was served upon Yetta Bloom, who was the owner of the premises, subject to the said mortgage, on the 16th of June, 1911. At that time Sender Jarmulowsky held a second mortgage upon the said premises. On the 3d of July, 1911, Jarmulowsky filed an answer in this action, wherein he recited his mortgage, and prayed for judgment that out of any surplus that might arise upon the sale to be had herein he be paid the amount of such mort-

gage. On the 5th of July, 1911, Jarmulowsky obtained ex parte an order appointing Harry Levine receiver of the rents of the mortgaged premises. This order was obtained without notice to the defendant Yetta Bloom. Subsequently, and on July 12th, on application of the plaintiff in this action, and upon notice to the defendant Jarmulowsky, but without notice to the defendant Yetta Bloom, the order of July 5th, appointing Harry Levine as receiver of said rents and profits, was vacated and set aside, and one Thomas Scott was appointed as such receiver. After the entry of a judgment of foreclosure in this action, and the sale of the mortgaged premises thereunder, Yetta Bloom moved to vacate the order made on July 5th, appointing Levine receiver, and also the order made July 12th, appointing Scott receiver. So much of the motion as sought to vacate the order appointing Scott as receiver was denied, and from that order this appeal is taken.

[1] Appellant contends that the order of July 5th, appointing Levine as receiver, was void. It was not made upon notice to Yetta Bloom, and she was not then in default (Code Civ. Proc. §§ 713, 714; Dazian v. Meyer, 66 App. Div. 575, 73 N. Y. Supp. 328; Jarmulowsky v. Rosenbloom, 125 App. Div. 542, 109 N. Y. Supp. 968), and there was no action pending against her for the foreclosure of Jarmulowsky's second mortgage, for a copy of his answer demanding such affirmative relief had not been served upon her (Code Civ. Proc. § 521). But on July 12th, when Scott was appointed receiver in this action, upon plaintiff's motion, the defendant Yetta Bloom was then in default, and such order was properly made. Code Civ. Proc., supra; Colwell v. Garfield Nat. Bank, 119 N. Y. 408, 23 N. E. 739; Woerishoffer v. Peoples, 120 App. Div. 319, 105 N. Y. Supp. 506; Fletcher v. Krupp, 35 App. Div. 586, 55 N. Y. Supp. 146.

[2] While such appointment was for the benefit of the plaintiff in the first instance, if the mortgaged property sold for sufficient to discharge his mortgage debt and the expenses of the action and of the sale, the rents in the receiver's hands would become applicable to the satisfaction of the second mortgage. Continental Ins. Co. v. Reeve, 134 N. Y. Supp. 78, decided by this court on March 15, 1912. The briefs of counsel both for appellant and respondent are principally devoted to a discussion of the question whether the order of July 5th appointing Levine receiver was properly made. That question is not before this court. That order was vacated by the order of July 12th, and the order appealed from simply denies so much of the motion as seeks to vacate the order appointing Scott. It is true that that order required Levine within five days after service of a copy of that order upon him to file his account of any rents collected by him, pursuant to the terms of the order dated July 5th which appointed him.

[3] It does not appear that Levine ever collected any rents; but, if he did, so much of the order as required him to account therefor cannot prejudice the appellant.

[4] So, too, the order of July 12th in defining the powers of Scott as receiver refers to the provisions of the order of July 5th. It may be that the order imperfectly defines the receiver's powers, but it was not void, and it appears that the defendant Yetta Bloom, without

objection upon the ground of indefiniteness, permitted such receiver to collect the rents until after the judgment of foreclosure and sale.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.