MYRON STRAUS, Respondent, *v.* WANDA MINKOWSKI, Appellant, Impleaded with SAMUEL SIMON and Others, Defendants.

Second Department, February 21, 1918.

**Mortgage — foreclosure — appointment of receiver — necessity for notice of application.**

A clause in a mortgage authorizing the appointment of a receiver upon default does not dispense with notice of the application.

Nor does a clause that upon default the mortgagee may enter the premises, take possession thereof and receive the rents and profits, dispense with the necessity of notice.

A letter written by the attorney for the plaintiff in a suit for the foreclosure of a mortgage to another attorney is not equivalent to notice of an application for the appointment of a receiver, where the authority of the attorney to receive the notice is not established and the letter lacks the requisite precision.

If an order for publication is made on account of the evasion or the absence of the defendant, the appointment of a receiver may be had without notice.

APPEAL by the defendant, Wanda Minkowski, from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 3d day of October, 1917, as resettled by an order entered in said clerk's office on the 12th day of November, 1917, denying said defendant's motion to vacate an order appointing a receiver herein.

*Justin S. Galland,* for the appellant.

*Max Monfried,* for the respondent.

JENKS, P. J.:

In this foreclosure suit the plaintiff obtained an order for a receiver *pendente lite.* The owner of the premises appeared specially to move to vacate the order.

The clause in the mortgage pertinent to a receiver did not dispense with notice of the application. The plaintiff neither had served his pleadings upon the owner of the premises, nor had he obtained an order for publication. The letter written by plaintiff's attorney to Mr. Leslie, an attorney, was not equivalent to notice of the application, because the

authority of Mr. Leslie to receive notice was not established, and in any event the letter lacked the precision requisite to notice.

We think that the order was void for lack of notice of the application. (*Jarmulowsky* v. *Rosenbloom*, 125 App. Div. 542; *Dazian* v. *Meyer*, 66 id. 575; *Elias* v. *Band*, 167 id. 940.)

The clause in the mortgage that upon default the mortgagee could enter the premises, take possession thereof and receive the rents and profits for application upon account, does not help the plaintiff, inasmuch as that is a separate and an independent provision intended to confer a different right. (*Sullivan* v. *Rosson*, 166 App. Div. 73.)

If it be said that notice was difficult or even impossible on account of the evasion or the absence of the defendant, the answer is that if an order for publication had been made, the appointment of the receiver could have been made without notice. (*Jarmulowsky* v. *Rosenbloom, supra,* 544, citing *Fletcher* v. *Krupp*, 35 App. Div. 586.) Notwithstanding the forceful plea of the appellant, the discretion of the court should not be disturbed upon the facts. (*Fletcher* v. *Krupp, supra,* 588.)

The order of the County Court of Kings county must be reversed, with ten dollars costs and disbursements, and the motion to vacate the order appointing the receiver granted, without costs. But any rents collected by the receiver, less his legal charges thereon, must be paid into court to the credit of the action.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order of the County Court of Kings county reversed, with ten dollars costs and disbursements, and motion to vacate the order appointing receiver, granted, without costs. But any rents collected by the receiver, less his legal charges thereon, must be paid into court to the credit of the action.