BROOKLYN EMPIRE CONSTRUCTION COMPANY, INC., Respondent, v. CINAK REALTY CORPORATION, Appellant, and PERRI CONTRACTING COMPANY, INC., and Others, Defendants. MAX HERSCHENSOHN, Assignee, Appellant; GEORGE C. MANNING, JR., as Receiver, etc., Respondent.— Order, as resettled, denying motion of

defendant Cinak Realty Corporation to vacate and set aside order entered October 31, 1928, appointing a receiver in this action, and order, as resettled, denying motion of appellant Max Herschensohn to vacate the order entered October 31, 1928, appointing a receiver and to direct the receiver to turn over to him the rents of the premises collected for the months of November and December, 1928, reversed upon the law, with ten dollars costs and disbursements to each appellant, and motions granted, with ten dollars costs to each appellant. While appellants did not move to vacate the orders, which were made on October 31, 1928, until the middle of January, 1929, this court is of opinion that it is not authorized to disregard the mandatory provisions of section 975 of the Civil Practice Act, with respect to notice of application for the appointment of a receiver, where the mortgage does not provide for it without notice. (*Jarmulowsky* v. *Rosenbloom*, 125 App. Div. 542; *Straus* v. *Minkowski*, 181 id. 877; *Dazian* v. *Meyer*, 66 id. 575.) The first mortgagee cannot procure the benefit of the extension of the receivership to its action when the original order appointing a receiver was improperly made. Young, Rich, Kapper, Hagarty and Scudder, JJ., concur.