PIA HOLDING CO., INC., Respondent, v. ANNA APPLEFIELD and IRVING APPLE-FIELD, Appellants, Impleaded with Others, Defendants. (Appeal No. 1.) — Order fixing rent of premises and directing payment thereof reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Since the *ex parte* order appointing the receiver in this action has been reversed, the present order is also reversed. Young, Kapper, Tompkins and Davis, JJ., concur; Hagarty, J., not voting.

PIA HOLDING CO., INC., Respondent, v. ANNA APPLEFIELD and IRVING APPLE-FIELD, Appellants, Impleaded with Others, Defendants. (Appeal No. 2.) — Order denying appellants' motion to vacate order appointing receiver reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon authority of *Brooklyn Empire Construction Company, Inc.,* v. *Cinak Realty Corp.* (226 App. Div. 809) and cases cited. Young, Kapper, Tompkins and Davis, JJ., concur; Hagarty, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE STAG-NATE, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed pursuant to the provisions of section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

SABATINO RUOCCHIO, Respondent, v. HARRY GOLOD and ZALME LULOFF, Appellants.— Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Inconsistent findings of fact and conclusions of law are reversed and new findings and conclusions will be made in accordance herewith. In our opinion, the quitclaim deed from Shults to the plaintiff, dated August 25, 1930, was void under section 260 of the Real Property Law, because, for a period of at least ten years prior thereto, the defendants and their predecessors and tenants had been in the actual physical possession of the land in question, which possession was under a claim of title and was open, notorious, continuous, exclusive and adverse to all other persons. Young, Kapper, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.