■ PEOPLES SAVINGS BANK OF NEW YORK, Plaintiff, v D & P REALTY CORP. et al., Defendants. DOROTHY ROMANO, as Receiver, Third-Party Plaintiff-Appellant, v ROBERT GREENWALD, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Third-Party Action No. 1.) AETNA CASUALTY & SURETY COMPANY, as Surety, Third-Party Plaintiff-Appellant, v DOROTHY ROMANO et al., Third-Party Defendants. (Third-Party Action No. 2.) ROBERT GREENWALD, Third-Party Plaintiff-Appellant, v CHARLES ROBBINS, Third-Party Defendant. (Third-Party Action No. 3.) — In a mortgage foreclosure action, wherein plaintiff moved to surcharge the receiver and hold the receiver's surety liable on its bond with regard to the property in question, third-party plaintiffs Dorothy Romano and Aetna Casualty & Surety Company, the said receiver and surety, respectively, and third-party defendant Robert Greenwald, the said receiver's former attorney, appeal from an order of the Supreme Court, Westchester County (Beisheim, J.), dated December 9, 1981, which denied Romano's "motion for summary judgment" dismissing plaintiff's surcharge motion against her. Order reversed, on the law, with costs payable by plaintiff to all appellants filing separate briefs, Romano's motion for summary judgment granted, and plaintiff's surcharge motion is dismissed. In 1977, plaintiff mortgagee Peoples Savings Bank of New York (hereinafter Bank) commenced an action to foreclose its mortgage on certain property, upon which was situated a multiple family dwelling, located at 56 Locust Hill Avenue, Yonkers, New York. Despite its knowledge at that time that one Charles Robbins was the record owner of the subject property, having acquired his title from the first mortgagor, the Bank failed to name Robbins as a party defendant in the foreclosure action. Thereafter, third-party plaintiff Dorothy Romano was appointed as receiver to collect the rents from the premises on the subject property; however, the tenants continued to pay the rents to Robbins. While Romano was subsequently relieved as receiver, she was not discharged from liability for damages, if any, suffered by the Bank due to her alleged negligence during the period of her receivership. In 1979, the Bank moved, *inter alia,* to surcharge Romano for her failure to collect the rents during her receivership. Romano then moved for "summary judgment" pursuant to CPLR 3212 dismissing the Bank's surcharge motion against her. Special Term improperly denied Romano's motion. Since Robbins, the record owner of the subject property and a necessary party to the foreclosure action (RPAPL 1311, subd 1), was not named therein, he could not be affected by the order appointing a receiver (see *Dazian v Meyer,* 66 App Div 575). Therefore, as against the Bank, Robbins had superior rights to the rents in question and Romano cannot be held liable for the failure to collect them during her receivership. Accordingly, Romano's motion for summary judgment dismissing the Bank's surcharge motion against her should have been granted. Damiani, J. P., Mangano, Gulotta and O'Connor, JJ., concur.